**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOMINICK MAZZA, et al.,<br><br>Plaintiffs,<br>v.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 3:26-CV-00439<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

On February 18, 2026, Plaintiff Dominick Mazza and Richard Mazza (together, "Plaintiffs"), individually and as Trustees of the Dominic Mazza ADA H. Mazza a/k/a/ Ada G. Mazza Irrevocable Inter-Vivos Trust Agreement (the "Trust Agreement"), initiated this action by filing a complaint in the Lackawanna County Court of Common Pleas. (Doc. 1-2). On February 23, 2026, Defendant Nationwide General Insurance Company ("Nationwide") removed this action to the Court. (Doc. 1). Before the Court is Nationwide's partial motion to dismiss for failure to state a claim. (Doc. 4). For the following reasons, Nationwide's motion is granted.

## I. Background and Procedural History

The following background is taken from the complaint and, for the purposes of the instant motion, is taken as true. (Doc. 1-2). Plaintiffs are individuals residing in Lackawanna County, Pennsylvania, and are the Trustees of the Trust Agreement. (Doc. 1-2, at 1). Nationwide is an Ohio insurance company that issued Plaintiffs insurance through Premier Business Owners Policy #ACP BP0232210591074 (the "Policy"). (Doc. 1-2, at 4). The Policy insured a commercial building hosting an automotive service located at 137 Constitution Avenue, Jessup, Pennsylvania (the "Business"). (Doc. 1-2, at 4). The Policy provides

coverage for replacement costs, debris removal, repairs after a loss, loss of use, and direct loss to a property caused by wind and storm damage. (Doc. 1-2, at 4-5).

On or about February 22, 2025, a snow and ice storm caused the Business's gutters to freeze and burst, which pushed water back through the Business's roof structure, causing damage to both the Business's roof and interior. (Doc. 1-2, at 5). Plaintiffs immediately reported the damage to Nationwide, provided all the information Nationwide requested, and filed a claim. (Doc. 1-2, at 5). On or about March 28, 2025, Nationwide issued Plaintiffs a letter denying Plaintiffs' claim on the basis of the damage stemming from the roof's "general wear and tear due to age." (Doc. 1-2, at 5). The Business's roof sustained ice and water damage in the amount of at least $16,750.00, and the Business's interior sustained water damage in the amount of $22,047.36. (Doc. 1-2, at 5).

On February 18, 2026, Plaintiffs filed a complaint alleging two counts under Pennsylvania law. (Doc. 1-2). In Count I, Plaintiffs allege Nationwide is liable for breach of contract. (Doc. 1-2, at 5-7). In Count II, Plaintiffs allege Nationwide is subject to bad faith liability under 42 Pa.C.S. § 8371. (Doc. 1-2, at 7-8). Plaintiffs request punitive damages as part of their bad faith liability claim. (Doc. 1-2, at 8).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch*

*v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also* *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed

in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

## III. DISCUSSION

Nationwide moves to dismiss Count II, Plaintiffs' bad faith claim, and Plaintiffs' claim for punitive damages. (Doc. 5, at 1).

### A. THE COURT DISMISSES COUNT II.

In Count II, Plaintiffs allege that Nationwide is liable for bad faith liability under 42 Pa.C.S. § 8371. (Doc. 1-2, at 7-8). Nationwide avers that Plaintiffs fail to state a claim because they present only conclusory allegations in support of their bad faith claim. (Doc. 5, at 8-9). Plaintiffs counter that they sufficiently plead bad faith because they allege that Nationwide denied coverage without conducting an investigation or sufficiently evaluating the Business. (Doc. 7, at 5-8).

Under Pennsylvania law, if a plaintiff proves an "insurer has acted in bad faith toward the insured, the [C]ourt may" award interest, punitive damage, and attorney fees. 42 Pa.C.S. § 8371. "Mere negligence on the part of insurer is insufficient to sustain a bad faith claim." *Verdetto v. State Farm Fire & Cas. Co.*, 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011), *aff'd*, 510 F. App'x 209 (3d Cir. 2013). Rather, to establish bad faith, the plaintiff must establish "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*,

115 F.3d 230, 233 (3d Cir. 1997); *see Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017).

"Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured. A plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner*, 262 F. Supp. 3d at 208 (citations omitted). A plaintiff must allege specific facts indicating that the defendant acted in bad faith and "cannot merely say that an insurer acted unfairly." *Toner*, 262 F. Supp. 3d at 208 (dismissing a bad faith claim where the plaintiff alleged the defendant acted unfairly without providing specific details); *see Weir v. Progressive Advanced Ins. Co.*, No. 3:25-CV-1504, 2025 WL 3270525, at *5 (M.D. Pa. Nov. 24, 2025) (same). A plaintiff avoids dismissal by alleging specific actions which indicate unfairness and bad faith. *See Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 676 (E.D. Pa. 2014) (denying a motion to dismiss a bad faith claim where the plaintiff sufficiently alleged specific examples of unfairness or a lack of consideration of the plaintiffs' claims); *see also Meiser v. State Farm Fire & Cas. Co.*, No. CV 3:17-2366, 2018 WL 4680055, at *3 (M.D. Pa. Sept. 28, 2018) (same). However, a plaintiff may not simply provide a list of ways in which a defendant may have acted in bad faith without alleging specific details or "specific instances where Defendant's conduct indicated bad faith." *Toner*, 262 F. Supp. 3d at 208-09 (dismissing a bad faith claim where the complaint only contained a "list of conclusory statements instead of illustrating specific instances where Defendant's conduct indicated bad faith"); *see Grimley v. Progressive Advanced Ins. Co.*, No. CV 25-3111, 2025 WL 2414162, at *3 (E.D. Pa. Aug. 20, 2025) (finding that a plaintiff failed to state a claim by simply including a "laundry list of the ways in which [the insurer] could have acted in bad faith"); *see also Weir*, 2025 WL 3270525, at *5 (finding that a defendant failed to state a bad faith claim by including "a laundry list of

boilerplate and generic allegations about bad faith [which], taken together, falls far short of alleging plausible factual content raising the reasonable inference that [the insurer] is liable under Pennsylvania's bad faith statute").

Plaintiffs allege that after a snow and ice storm damaged the Business's roof on February 22, 2025, Plaintiffs immediately reported the damage to Nationwide. (Doc. 1-2, at 5). Plaintiffs further allege that Nationwide incorrectly determined that the damage was due to "general wear and tear due to age" and denied coverage on March 28, 2025. (Doc. 1-2, at 5). Plaintiffs provide the following list of allegations regarding bad faith:

> [Nationwide's] conduct and actions, to include by not limited to, conducting an improper investigation and denying payment, constitutes bad faith on the part of [Nationwide] towards its insured in that the [Nationwide]:
>
> (a) failed to promptly and reasonably respond to the [Plaintiffs'] demands for prompt payment of the [Plaintiffs'] claimed loss;
>
> (b) unreasonably and vexatiously refused to honor the claim and make payment of benefits to the [Plaintiffs] when it was clear that immediate payment of the [Plaintiffs'] losses were covered, justified and warranted;
>
> (c) required the [Plaintiffs] to needlessly expend additional time, expense, and effort in order to obtain payment of the [Plaintiffs'] losses which would not be necessary if [Nationwide] acted in good faith and promptly paid the [Plaintiffs] the losses rightly due to him;
>
> (d) denied, failed and/or refused to pay the [Plaintiffs'] claimed loss without reasonable foundation or basis to do so;
>
> (e) forced the [Plaintiffs] to unnecessarily incur significant expenses by failing to promptly pay the claimed loss that was rightly due to [them];
>
> (f) failed to adopt and implement reasonable standards for prompt investigation and payment of the [Plaintiffs'] claimed losses arising out of the [Plaintiffs'] Homeowners' insurance contract;
>
> (g) failed to conduct any investigation;
>
> (h) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the [Plaintiffs'] claimed loss;

(i) failed to exercise the utmost good faith and discharge of its statutory and contractual duties to the [Plaintiffs];

(j) failed to properly inspect and/or re-inspect the property;

(k) disregarded information provided to it from the [Plaintiffs];

(l) failed to perform a reasonable investigation of the [Plaintiffs'] claimed loss;

(m) improperly refused to consider any damages beyond its initial estimate which was wholly incomplete and/or deficient;

(n) by failing to properly inspect the property, or refusing to perform a thorough inspection;

(o) disregarded information provided to it from the [Plaintiffs] and/or its representative; and/or

(p) engaged in unfair claims settlement and insurance practices in violation of common law and [Nationwide's] statutory obligations.

(Doc. 1-2, at 7-8).

Plaintiffs' list of allegations is consistent with lists courts in the Third Circuit have found insufficient to state a claim for bad faith because such lists lack specific details and examples of "instances where Defendant's conduct indicated bad faith." *Toner*, 262 F. Supp. 3d at 209; *see Grimley*, 2025 WL 2414162, at *3; *see also Weir*, 2025 WL 3270525, at *5.

Plaintiffs attached a March 28, 2025, letter from Nationwide to their complaint.[1] (Doc. 1-2, at 21-23). In the letter, Nationwide informed Plaintiffs that it had investigated the damage

[1] The Court notes that Nationwide requests the Court consider two documents, Nationwide's March 28, 2026 letter and a subsequent letter. (Doc. 5, at 9). Nationwide asserts that while Plaintiffs attached the initial letter to their complaint, they "do not refer to or attach the second coverage denial letter" which Nationwide represents "shows that Nationwide had an engineer perform a second inspection that resulted in multiple conclusions supporting the conclusion that the damage to the building resulted from deterioration, wear and tear and inadequate maintenance." (Doc. 5, at 9). Courts generally cannot consider evidence outside of the complaint while evaluating a motion to dismiss. *See Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 560 (3d Cir. 2002). However a court may consider documents attached to the complaint, an undisputably authentic document central to a complaint's claims and

to the Business. (Doc. 1-2, at 21). Plaintiffs cite this letter in their brief in opposition and argue that it is an example of Nationwide acting in bad faith because Nationwide "did not use an engineer to review the loss prior to [Nationwide's March 28, 2025] denial," and that Nationwide issued a second denial of claim without sending an engineer to inspect the property. (Doc. 7, at 6-7). These new allegations regarding Nationwide failing to send an engineer and filing a second denial letter are not in the complaint, and thus, the Court cannot consider them. *See* *Frederico v. Home Depot*, 507 F.3d 188, 201 (3d Cir. 2007) (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint"). The complaint only states that Nationwide failed to inspect the property, with no details, within its larger laundry list of nonspecific allegations. (Doc. 1-2, at 7-8). A vague allegation within a larger list of nonspecific allegations is insufficient to state a claim for bad faith. *See* *Toner*, 262 F. Supp. 3d at 209 (noting that a plaintiff does not state a claim by listing ways, without details, in which the defendant could have acted in bad faith); *see also* *Weir*, 2025 WL 3270525, at *5 (noting the same); *see also* *Grimley*, 2025 WL 2414162, at *3 (dismissing a complaint where the plaintiff included an allegation that the defendant failed to investigate a claim within a "laundry list" of other nonspecific allegations). Accordingly, the Court **GRANTS** Nationwide's motion to dismiss Count II. (Doc. 4).

B. <u>THE COURT DISMISSES PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES.</u>

---

referred to by the complaint, or matters of public record. *See* *Pryor*, 288 F.3d at 560; *see also* *Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A)*, 768 F.3d 284, 290 (3d Cir. 2014). The March 28, 2025, letter is attached to the complaint and thus, the Court may consider its contents. (Doc. 1-2, at 21-23); *see* *Pryor*, 288 F.3d at 560; *see also* *Santomenno*, 768 F.3d at 290. However, as noted by Nationwide, the complaint does "not refer to or attach the second coverage denial letter" and thus, the Court cannot consider it at this stage. (Doc. 5, at 9); *see* *Pryor*, 288 F.3d at 560; *see also* *Santomenno*, 768 F.3d at 290.

Plaintiffs request punitive damages in Count II but not in Count I. (Doc. 1-2, at 5-8). Nationwide moves to dismiss Plaintiffs' claim for punitive damages. (Doc. 5, at 10). The Court must dismiss Plaintiffs' claim for punitive damages because the Court dismisses the underlying claim. *See Barnard v. Lackawanna Cnty.*, 194 F. Supp. 3d 337, 346 n.4 (M.D. Pa. 2016), *aff'd*, 696 F. App'x 59 (3d Cir. 2017) (stating "[a]s a result of the dismissal of [the underlying claims], any punitive damages sought are also dismissed"); *see also Cifuentes v. Jemail*, No. CV 20-2874, 2021 WL 1163722, at *5 (E.D. Pa. Mar. 25, 2021) (stating "[b]ecause all of Plaintiff's substantive claims have been dismissed, Plaintiff's claim for punitive damages must also be dismissed"). Accordingly, the Court **GRANTS** Nationwide's motion to dismiss Plaintiffs' claim for punitive damages. (Doc. 4).

## IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (nonprecedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Here, leave to amend is not futile because Plaintiffs may file an amended complaint alleging specific details supporting their bad faith claim. *See Grimley*, 2025 WL 2414162, at *4 (granting leave to amend because an amended complaint could contain specific allegations supporting the plaintiff's bad faith claim); *see also Weir*, 2025 WL 3270525, at *6 (same). Plaintiffs may also amend their complaint to state a claim for punitive damages because the basis of the court's dismissal of Plaintiffs' claim for punitive damages is the Court's dismissal

of Count II. *See Cifuentes*, 2021 WL 1163722, at *5 (granting leave to amend where the Court dismissed a claim for punitive damages because it dismissed the underlying claim). Accordingly, Count II and Plaintiffs' claim for punitive damages are **DISMISSED without prejudice**, and Plaintiffs are **GRANTED** twenty-one days from the date of the accompanying Order to file an amended complaint.

## V. CONCLUSION

For the foregoing reasons, Nationwide's motion to dismiss is **GRANTED**. (Doc. 4). Count II and Plaintiffs' claim for punitive damages are **DISMISSED without prejudice**. (Doc. 1-2, at 7-9). Plaintiffs are **GRANTED** twenty-one days from the date of the accompanying Order to file an amended complaint.

An appropriate Order follows.

**BY THE COURT:**

**Dated: August 4, 2026**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**